COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-127-CR

 

 

JONATHAN DARRELL MAYHEW                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.                   
Introduction








A jury convicted Appellant Jonathan Darrell Mayhew
of theft of property valued between $1,500 
and $20,000.  Appellant=s indictment contained two enhancement
paragraphs, both involving previous convictions for the unauthorized use of a
motor vehicle.  Thus, Appellant=s conviction was enhanced to a third
degree felony.  The jury assessed
punishment at eight years=
confinementCthe trial
court sentenced Appellant accordingly. 
In one point, Appellant complains that the evidence is legally
insufficient to support his conviction. 
We affirm.

II.                
Factual and Procedural Background

Mary Sillivent testified that on June 12, 2005,
she sold a Mitsubishi car to a person named Lorena Altamirano.  She also testified that she signed the title
of the car over to Altamirano.  Altamirano
testified that she is married to Carlos Silva and that CarlosCas he has done in the pastCpurchased the car in her name.  Altamirano also testified that Carlos
occasionally buys vehicles in her name and the checks he receives after they
are sold are made out to her. Carlos kept the Mitsubishi car for a few months
and then decided to sell it in the Wal-Mart parking lot in Hood County,
Texas.   

Carlos and his brother, Marcos Silva, met
Appellant and Michael Hester about selling the car.  Carlos typically has his brother accompany
him when selling cars because Marcos speaks better English than Carlos.  Appellant agreed to purchase the car.  A temporary check for $2,100 was made out to
Lorena Altamirano.  At trial, Carlos
identified Appellant as the person who wrote out the check.  Both Marcos and Carlos identified Appellant
as the person who gave Marcos the check and to whom they gave the keys and the
car.  








Altamirano and Carlos went to cash the check.  At the bank, they were told that the check
was written on a closed account.  A bank
employee testified that the account had been closed for over two years prior to
the date written on the check and that the checking account had been opened by,
and was registered in the name of, Michael Hester, not Appellant. 

III.              
Discussion

In one point, Appellant challenges the legal
sufficiency of the evidence to support the jury=s
finding of his criminal intent. 
Appellant contends that he lacked the requisite intent to be found
guilty of theft.  Appellant argues that
this is merely a contract dispute, and that because malfeasance cannot be
proven, he is not guilty of theft.  See
Baker v. State, 986 S.W.2d 271, 274 (Tex. App.CTexarkana
1998, pet. ref=d).  We disagree. 

A.                
Standard of Review 

In reviewing the legal sufficiency of the evidence
to support a conviction, we view all the evidence in the light most favorable
to the prosecution in order to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007). 

 








B.                
The Law Pertaining to Theft

By statutory definition,
theft is completed when an accused unlawfully appropriates another person=s property with the intent to deprive the owner of that property.  See Tex.
Penal Code Ann. ' 31.03(a) (Vernon
Supp. 2007); see also Steele v. State, 22 S.W.3d 550, 554-55 (Tex. App.CFort Worth 2000, pet. ref=d).  Furthermore, it is prima
facie evidence that an accused intended to permanently deprive the owner of the
property at issue if the accused purchased the property with a check written on
a closed account. See Tex. Penal Code Ann. ' 31.06(a) (Vernon Supp. 2007); see also Thompson v. State, 89
S.W.3d 843, 849 (Tex. App.CHouston [1st Dist.] 2002, pet. ref'd).

Here, evidence was presented
to the jury that Appellant wrote a check for $2,100 to pay for the Mitsubishi
car, thus creating a presumption in the minds of both Carlos and Marcos that
Appellant intended to permanently deprive Carlos of the car.  Additionally, the check was a temporary check
written on an account that had been closed for more than two years.  The account was in the name of Michael
Hester, who accompanied Appellant when Appellant exchanged this check for the car.  Based on the record, we conclude that a
rational trier of fact could have found, beyond a reasonable doubt, that
Appellant intended to deprive Carlos Silva of the car.  We overrule Appellant=s sole point. 








IV.             
Conclusion

Having overruled Appellant's sole point, we affirm
the trial court's 

judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:        LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 13, 2008











[1]See Tex. R. App. P. 47.4.